## Savage v. Savage.

(Decided April 23, 1926.)

### Appeal from Boyd Circuit Court.

1. Partnership—Finding that no Partnership Existed Between Parties to Suit for Dissolution Held Justified by Evidence.—In suit for dissolution of partnership, evidence held to justify chancellor's finding that there was no partnership betwen parties.

2.  Partnership—Recital, in Writing, Settling Prior Litigation by
    Parties to Suit for Dissolution, that they were Partners, Held Not
    Controlling, in View of Defendant's Explanation.—In suit for dis-
    solution of partnership, recital in writing settling prior litigation
    by parties that they were partners held not controlling, in view
    of defendant's testimony, showing that attorney brought suit in
    name of partnership on information given by plaintiff and that
    parties thereafter acquiesced in its prosecution in that name.

JOHN T. DIEDERICH for appellant.

MONT WALKER for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Affirming.

Appellant, as plaintiff, filed this equitable action
against appellee, his father, alleging in substance that in
1914 they had formed a partnership and engaged in the
transfer business at Ashland under the style of the
"Savage Old Reliable Transfer," and praying for a dis-
solution of the partnership and settlement of its affairs
and a division of its assets.

The answer was a traverse, especially of the allega-
tion that any such partnership existed, or had ever ex-
isted.

Although not shown in the pleadings, it is disclosed
in the evidence, according to plaintiff's theory, that some
years after the formation, as alleged, of the partnership
between him and his father his younger brother Albert
also became a member of the firm.

The case was prepared on the issue of partnership
or no partnership, and upon submission the chancellor
dismissed the plaintiff's petition, from which judgment
this appeal is prosecuted.

The question is purely one of fact, and it may be
safely stated that the oral testimony introduced abun-
dantly justifies the judgment of the chancellor. It shows
that at the time he claims the partnership to have been
made, and for some years thereafter, plaintiff was under
age and unmarried and lived at his father's home as a
member of his household; it shows that during the period
when he claims the partnership to have been in existence,
upon two or more occasions, he left home and stayed
away for several months without his father's knowledge
or consent; and in addition to this the evidence is con-
vincing that the father not only owned the business but

kept all its funds in bank in his own name, and he alone drew them out. It shows that the two brothers did, during a large part of the time, work for and in connection with their father in the transfer business, and that there were used in that business a team of horses and a wagon which the father had previously given to appellant. However, during all that time the two sons were living at their father's home and he was giving them money as they called for or needed it—just such a business association between a father and his young sons as is so customary, and too often without any explicit understanding between the parties.

The father and the younger son each deny the existence of any partnership, while the appellant testifies explicitly that there was such partnership.

But it is said for appellant that as the oral evidence is conflicting that there are some writings in the record in the form of admissions which should be deemed controlling on the issue involved, and that contention grows out of the facts hereinafter stated.

In 1921 appellant, while driving one of the trucks belonging to the business, at a point in West Virginia, went through a bridge. There was instituted an action for damages growing out of this in the name of the Savage Transfer Company, consisting of George, William and Albert Savage as the members of the partnership. Subsequently that litigation was compromised, and in the writing settling the litigation it is recited that they were such partners in the Savage Transfer Company, and they each signed a receipt with that recitation in it.

It is true this writing constitutes a tacit admission of the existence of such a partnership, and while not conclusive of that fact, under some circumstances would be deemed convincing in the absence of an explanation. But appellee in his testimony explains that he went to see his West Virginia attorney, and he was directed to send his son William up there to see the attorney, and that the two went to the bridge where the accident occurred and took certain measurements of the bridge, and thereafter the attorney prepared the suit in the name of the Savage Transfer Company, and giving the names of the partners as heretofore indicated; and when appellee thereafter told the attorney of this error, the latter expressed the opinion to him that as he and his two sons worked together he thought it best to file the suit in that way, and

appellee says his son Albert never knew anything about the suit having been brought in the way it was. That when they came to make the compromise it was written up in the same way the suit had been brought, and they all three signed the compromise in order to settle the litigation.

From this statement it is apparent that the attorney brought the suit in the way he did from information obtained from appellant, and that thereafter the parties acquiesced in its prosecution in that name.

In the light of this explanation, and giving due weight to the finding of the chancellor below, we are impelled to the conclusion that these written admissions should not be deemed controlling on the issue of fact involved.

Judgment affirmed.